UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Brandon Deyton, | ) | C/A No. 9:15-4137-BHH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Major Joe Tyson, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Plaintiff, William Brandon Deyton, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983.[1] He is a pretrial detainee at the Laurens County Detention Center (LCDC). Plaintiff appears to allege violations of his constitutional rights.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449

---

[1] This case was originally filed by the Plaintiff in the United States District Court for the District of Maryland, but was subsequently transferred to this District.



U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff alleges claims concerning his living conditions at the LCDC. He claims that his safety rights are violated because "they decided to weld a metal plate on the security lock of [Plaintiff's] door to dead bolt [him] inside his room..." Complaint, ECF No. 1 at 3. He alleges that the jail is overcrowded, there are not enough supplies to keep the jail clean, the toilets are dirty, detainees are given sheets to dry off with because there are not enough towels, there are many cases of "T.B. and staff," the showers are unsanitary, the ventilation system is dirty, he was dehydrating because the water to his cell was turned off for maintenance for thirty days, the nurse is not a registered nurse and charges five dollars a visit and five dollars for medication, and his grievances are deleted from the system. Id. at 3-5. Plaintiff requests that the Court "make them pay for the suf[f]ering and unlawful imprisonment." Id. at 6.

First, this action is subject to summary dismissal because Plaintiff has named Major Joe Tyson as the party Defendant in this action, but has failed to make any allegations against this Defendant or provide any specific factual information to support a claim that this Defendant has



violated his constitutional rights.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2)].  In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed.  See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Curtis v. Ozmint, C/A No. 3:10–3053–CMC–JRM, 2011 WL 635302 at *4 n. 5 (D.S.C. Jan. 5, 2011); Whaley v. Hatcher, No. 1:08CV 125–01–MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008).  Here, Plaintiff does not mention the Defendant in the body of his Complaint, and has not alleged any specific claim against Defendant.

Even assuming Plaintiff has intended to assert that this Defendant should be liable for his alleged claims because he is a supervisory official at the jail, a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).  Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of respondeat superior or vicarious liability, see Slakan v. Porter, 737 F.2d 368, 370–75 (4th Cir. 1984), that exception does not operate to save Plaintiff's claims against the Defendant here, as the Slakan exception requires factual allegations showing a "pervasive and unreasonable risk of harm from some specified source ..." coupled with allegations showing that the supervisor's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Slakan, 737 F.2d at 373; see Shaw



v. Stroud, 13 F.3d 791 (4th Cir. 1994). Plaintiff's Complaint sets forth no factual allegations of any individual wrongdoing or potential supervisory liability on the part of the Defendant. Therefore, the only named Defendant in this case is entitled to summary dismissal as a party Defendant. See Weller v. Dep't of Soc. Servs., 901 F.2d at 399 [dismissal proper where there were no allegations against defendants].

Additionally, even if Plaintiff had named a proper party Defendant, this case is still subject to summary dismissal because Plaintiff has failed to state a claim. Conditions of confinement of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535, 537 n. 16 (1979); see also Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). However, the standards applied in Eighth Amendment conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees. Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001) ["[P]retrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment."] (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243–44 (1983) and Hill v. Nicodemus, 979 F.2d 987, 991–92 (4th Cir.1992)). Pursuant to this standard, to state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). Further, a plaintiff asserting unconstitutional conditions of confinement must

4



demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition.  See Strickler, 989 F.2d at 1380–81.

Here, Plaintiff has not alleged that he has suffered any serious or significant injury as to the conditions at issue, which are themselves generally presented in a conclusory fashion. Plaintiff complains that there are three (3) inmates in a two (2) man cell, but overcrowding alone is not "sufficiently serious" to establish a constitutional violation; cf. Rhodes v. Chapman, 452 U.S. 337, 348–49 (1981)[finding that housing two inmates in a cell designed for one does not, without more, violate the Eighth Amendment]; and, with the exception of Plaintiff's allegation that the water in his cell was turned off, Plaintiff has not alleged that he has suffered any injury as to the conditions at issue (such as that the shower floor has hairs on it, the toilet bowl has a "ring" around it, and that inmates are sometimes given sheets to dry off with instead of towels).  As for his water allegation, although Plaintiff claims he was "dehydrating," he has not alleged any serious injury occurring from the water being turned off in his cell for repairs (significantly, he has not alleged that he was denied drinking water, just that he could not get water whenever he wanted it).

Additionally, some of the conditions complained of appear to be claims of other detainees (e.g. claims that dust in the ventilation system caused "breathing problems for some people through out the jail") rather than pertaining specifically to Plaintiff, and Plaintiff cannot assert claims on behalf of other detainees.  See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)[a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant]; Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); Hummer v.

5



Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)[a prisoner cannot act as a "knight-errant" for others]. Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)[a pro se prisoner cannot be an advocate for others in a class action].

With respect to Plaintiff's complaint that the nurse at LCDC is not a registered nurse and that he is charged fees for medical treatment and prescriptions, in order to proceed with a claim for denial of adequate medical care, Plaintiff must have set forth factual allegations sufficient to raise a right to relief above the speculative level as to whether the Defendant was deliberately indifferent to his serious medical needs. Twombly, 550 U.S. at 555 [While complaint does not need detailed factual allegations, factual allegations must be enough to raise right to relief above the speculative level]; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986). Here, Plaintiff fails to state a claim for medical deliberate indifference as he has not alleged that he was denied medical care for any of his serious medical needs (even assuming a proper party Defendant had been named for such a claim).

Further, although the LCDC appears to charge a small fee for treatment, as long as officials do not deny treatment of serious medical needs based on an inmate's inability to pay for the costs of treatment, the Constitution does not prevent them from charging some or all of the expense for the treatment to the inmate's trust account for future payment. See, e.g., Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 408 (9th Cir. 1985); Reynolds v. Wagner, 128 F.3d 166, 173-174 (3rd Cir. 1997)[deliberate indifference standard does not guarantee prisoners right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society]; Bihms v. Klevenhagen, 928 F.Supp. 717, 718 (S.D.Tex. 1996) ["If the



inmate can pay for his medical care, then the state may require reimbursement."]. As such, Plaintiff's allegations do not show a violation of his constitutional rights.

As for Plaintiff's claim that it was a "discriminatory" act to put metal plates on the locks of some cell doors but not others, merely conclusory allegations of discrimination are insufficient to state a claim. See Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974)["[A]bsent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated."]. While Plaintiff also claims that this was a violation of SCDC (South Carolina Department of Correction) rules, this assertion does not constitute a violation of Plaintiff's constitutional rights, and is therefore not an assertable claim in a § 1983 action. See Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992); cf. Johnson v. S.C. Dep't of Corrs., No. 06–2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007)[The plaintiff's allegation that defendants did not "follow their own policies or procedures, standing alone, does not amount to a constitutional violation."](citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)[if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]).

Finally, to the extent Plaintiff is complaining about the processing of his grievances, he has not identified or named as a defendant the person allegedly responsible for this deprivation. Additionally, such a claim fails to rise to the level of a constitutional violation. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)[no constitutional right to participate in grievance proceedings]; see also Smith v. Ray, 36 F. App'x 99, *1 (4th Cir. 2002) ["[A]ccess to the grievance procedure is not a constitutionally protected right[.]"].



**MOTION FOR A TEMPORARY RESTRAINING ORDER (TRO)**

On October 29, 2015, Plaintiff filed a motion for a TRO. He states that he needs a TRO because his life "will be unsafe when he gets his papers." ECF No. 11. Rule 65(b), Fed.R.Civ.P., which relates to issuance of a TRO, provides that the Court may issue a TRO without written or oral notice to the adverse party if (a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the Movant before the adverse party can be heard in opposition; and (b) the Movant's attorney (or, here, the pro se movant) certifies in writing any efforts made to give notice and the reasons why it should not be required. Otherwise, issuance of a preliminary injunction under Rule 65(a), Fed.R.Civ.P. provides for issuance of a preliminary injunction only after notice to the adverse party.

Even assuming notice had been provided, however, after a review of Plaintiff's filings with the Court, the undersigned finds that he would still not be entitled to relief, as he has failed to meet the requirements for the issuance of an order for injunctive relief under either Rule 65(a) or Rule 65(b). With respect to any claim for injunctive relief, such relief is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-347 (4th Cir. 2009), judgment vacated on other grounds, 559 U.S. 1089 (2010); see Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19-20 (2008); Stuhlbarg Int'l Sales Co., Inc., v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)). In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Winter, 555 U.S. at 20. All four requirements must be



satisfied. The Real Truth About Obama, Inc., 575 F.3d at 346. Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief." The Real Truth About Obama, Inc., 575 F.3d at 346 (citing Winter, 555 U.S. at 19-22).

Here, Plaintiff has failed to show entitlement to a TRO. He has merely articulated his subjective, speculative belief that he believes he will be in danger after the Defendant is served with this action. Analysis of the four factors reveals that to the extent that Plaintiff's motion is one for a preliminary injunction, it also fails. First, as discussed above, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint. As to the second factor, Plaintiff has not made a clear showing that he is likely to be irreparably harmed if preliminary relief is denied. Rather, he merely makes a conclusory statement that he believes his life will be in danger after this lawsuit is served. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) [holding that a court will not grant a preliminary injunction unless the petitioner first makes a "clear showing" that he will suffer irreparable injury without it, and that the harm "must be neither remote nor speculative, but actual and imminent"]. Third, Plaintiff has not shown that the balance of equities tips in his favor, and finally, Plaintiff has not shown that an injunction is in the public interest. See Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept. 20, 2006); see also Winter, 555 U.S. at 20 ["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"].

Therefore, as Plaintiff has failed to meet the standard for issuance of either a TRO or a preliminary injunction, it is recommended that his motion be denied.



**Recommendation**

Based on the foregoing, it is recommended that Plaintiff's motion for a TRO (ECF No. 11) be **denied** and that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____

January 27, 2016 Bristow Marchant
Charleston, South Carolina United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

